IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

United States of America

v.                                              Docket No. 4:18-CR-27-MFU

Christopher Eugene Cook

**Defendant's Motion for Discovery of Probation Records and Evidence**

Mr. Cook requests this court order the U.S. Probation Office to provide to his counsel the following information and documents within its possession:

1) Copies of any documents or the portions of any documents relating to Mr. Cook's positive employment history while on supervised release

2) Copies of any documents or the portions of any documents relating to Mr. Cook's substance abuse treatment while on supervised release;

3) Copies of any documents or the portions of any documents relating to Mr. Cook's alleged behavior on July 22, 2020, in possessing a firearm or his admitted behavior in discharging a weapon in a public place; and

4) Copies of any documents or the portions of any documents that would reflect favorably on Mr. Cook's potential sentence in this case.

The United States Probation Office petitioned the court to revoke Mr. Cook's supervised release based on allegations of criminal behavior in 2020. Mr. Cook plead guilty to those charges in state court, and after he finished his sentence, he was transferred to federal custody. On June 28, the government moved for the Court to detain Mr. Cook pending his hearing. The government relied on the testimony of Mr. Cook's probation officer, whose testimony largely comprised information he learned from reading police reports and other records.

The Federal Rules require that a person facing a revocation of his supervised release be provided with "disclosure of the evidence against him" prior to the hearing. Fed. R. Crim. P. 32.1(a)(2)(B). Due Process requires that revocation hearings comport with the principle of fundamental fairness. *See*, *e.g.*, *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (finding "fundamental fairness—the touchstone of due process" applies at hearings on parole revocation); *United States v. Martin*, 984 F.2d 308 (9th Cir. 1993) (finding that due process requires persons facing revocation of supervised release have a "fair and meaningful opportunity to refute or impeach the evidence against him"). Fundamental fairness also requires that a person be able to "present witnesses and documentary evidence" in his favor. *See*, *e.g.*, *Jenkins v. Morgan*, 28 F.Supp.3d 270, 275 (D. Del. 2014).

By all accounts, Mr. Cook was behaving well while on supervised release. For two years, prior to his arrest and conviction in state court, he did not violate the terms of supervised release. Better said, he appeared to thrive: he overcame a substance abuse disorder with the help of his probation officer; improved his vocational abilities by finding work with the help of his probation officer; and he stabilized his life. Records kept by probation would better help Mr. Cook make these arguments. Upon information and belief, the USPO keeps regular logs of every contact with people whom they supervise, and these logs would contain helpful, contemporaneous accounts of the person's performance while on supervised release. Mr. Cook ought to be able to review those logs to advocate for himself at sentencing and to present any documentary evidence those logs contain. Because Mr. Cook plead guilty to new criminal charges in state court, the fact of the revocation is inevitable; the results of it, however, are still very much undecided.

Finally, any police reports relied on by the USPO should be disclosed to Mr. Cook prior to his revocation hearing. Although the fact of his convictions is sufficient to establish that he violated the conditions of his release, the context surrounding his behavior is

relevant to the court's final sentencing decision. For example, the probation report indicates that Mr. Cook fired a gun in the direction of another person; however, Mr. Cook plead guilty to a misdemeanor for discharging a firearm in a public place. If the court is interested in hearing about the details of Mr. Cook's conduct, rather than simply the fact of his conviction, then Mr. Cook would need access to the evidence within the possession of the USPO and the government.

    Mr. Cook is not requesting to be provided with the entirety of the USPO's file concerning his supervised release. However, any documentary evidence contained within it that would help demonstrate his good behavior or any evidence that might be used against him at his revocation hearing ought to be provided. Any other confidential information or information that would affect a third-party's interest or safety can be redacted or withheld. *See United States v. Rivera-Rodriguez*, 321 F.Supp.3d 278 (D.P.R. 2018) ("a request for disclosure of material within the USPO's files should be narrowly tailored to seek *only* evidence that would be used against the defendant during the revocation hearing or that could be used to exculpate the allegations").

Respectfully submitted,

                                          /s/ Benjamin Schiffelbein
                                          Assistant Federal Public Defender
                                          NH Bar No. 267593
                                          210 First Street SW, Suite 400
                                          Roanoke, VA 24011
                                          (540)777-0880
                                          Benjamin_Schiffelbein@fd.org
                                          Counsel for Mr. Cook