IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 4:18CRCR00027 |
| | : | |
| **CHRISTOPHER EUGENE COOK** | : | |

### RESPONSE RE MOTION FOR DISCOVERY OF PROBATION RECORDS

The government finds itself in the odd position of responding to a Motion seeking discovery of records held by the Probation Service. The Probation Service is, of course, an arm of the Court, and so the government is uncomfortable suggesting to the Court how it should handle its internal business. But a response from the government appears to have been requested.

The government first notes the Court's Standing Order of July 1, 1979, which states in its first paragraph:

"No confidential records of this court maintained by the probation office, including presentence and probation supervision records, shall be sought by any applicant except by written petition to this court establishing with particularity the need for specific information in the records."

Unless the Court wishes to construe the instant Motion as a "petition to this court," the matter is at an end, defendant's Motion having been foreclosed by the Court's Standing Order. If the Court construes the instant Motion as a "petition to this court," then it is for the Court to decide whether the need for specific information in the records has been established with particularity.

As authority for his demand, defendant cites to Fed. R. Crim. P. 32.1(b)(2)(B) which requires the disclosure of evidence against the defendant prior to the hearing. But by and large, what defendant seeks by this Motion is evidence in mitigation. Evidence in mitigation is not only outside the scope of the Rule, but also routinely within the possession and control of the defendant.

Mitigation evidence is normally obtained by means more traditional than demanding it from the probation service.

Arguably, the police reports recounting the events that bring defendant before the Court are evidence against the defendant. But these are hardly within the exclusive control of the Probation Service. Defendant could obtain them from the relevant police department with a modicum of effort.

Yet your undersigned, having handled many hundreds of revocation hearings over the years, has always found this Court's probation officers to be unfailingly polite, courteous, helpful, and professional. A simple personal request to the relevant probation officer for the police reports in a given matter has never failed to result in those reports being provided, and provided in short order. This matter does not appear to be out of the ordinary, such as would require a change from customary practice,

The government has nothing more to add, and so commits this matter to the sound discretion of the Court.

                                               Respectfully submitted,

                                               CHRISTOPHER R. KAVANAUGH
                                               United States Attorney

                                               /s/R. Andrew Bassford
                                               R. Andrew Bassford
                                               Assistant United States Attorney
                                               Virginia Bar No. 42582

## CERTIFICATE OF SERVICE

I hereby certify that on Friday, July 15, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for defendant.

/s/ R. Andrew Bassford
Assistant United States Attorney