IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

United States of America

      v.                Docket No. 4:18-CR-27-MFU

Christopher Eugene Cook

### Defendant's reply to government's response: why Mr. Cook is entitled to evidence against him and evidence that helps him

Probation has two sets of records, some that will help prove its argument that Mr. Cook's supervised release should be revoked, and some that will help Mr. Cook argue that he ought not serve the recommended sentence. Mr. Cook merely requests that the government agency seeking to strip his liberty be required to provide these documents to his counsel—hardly a novel proposition. The government's response does not address the issues before the court.

**1) Mr. Cook's complied with the standing order requiring that he petition the court for records in probation's possession.**

The government argues that Mr. Cook's motion for discovery is not a "petition to this court" as required by a standing order. Mr. Cook, being aware of the standing order, sought from the Court an order requiring Probation to provide certain items within its file, some of which are confidential and cannot be disclosed without a court order. Mr. Cook complied with the rule by requesting a Court Order requiring Probation to disclose specific items within its possession. The government's argument that his motion is not properly a petition to the court is meritless.

Additionally, the government's attempt to argue that Mr. Cook's request should be denied for failing to comply with the practice employed in "hundreds of revocation hearings"

is devoid of support in the law. Probation Officers are often referred to as an arm of the Court. When a party seeks something from the Court, he generally must do so in writing by filing a motion. *See* Fed. R. Crim. P. 47. Mr. Cook, by filing a motion, complied with the Federal Rules.

2) **Mr. Cook cites to the Federal Rules to request that he be provided with the evidence against him; he cites to due process for the request for evidence within Probation's files that would help him.**

The government misconstrues Mr. Cook's motion by claiming he only cites to Fed. R. Crim. P. 32.1(b)(2)(B). Mr. Cook also cited to cases that hold that due process requires him to receive certain items of evidence within the possession of the government. *See* ECF. No. 13 at 2. While those facing a revocation of supervised release do not have the full panoply of constitutional rights at their disposal, they are entitled to be treated with "fundamental fairness." *See Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973). The right to present witnesses and documentary evidence is a corollary of a person's right to compulsory process—a right guaranteed in the Bill of Rights. *See* U.S. Const. amend. VI.

Is it fair for Mr. Cook to face years in prison without being able to examine the reports that document the crimes he is alleged to have committed, just because he is on supervised release? No. Is it fair for Mr. Cook to face years in prison when documents within the possession of probation might show that a lesser sentence would be justifiable under 18 USC 3583(e)? No. Mr. Cook is not requesting his entire probation file. He is not requesting to be provided with any confidential or sensitive information that might affect another's legitimate privacy rights. He is not requesting to burden probation or the government with frivolous requests for discovery. He is simply asking that his counsel be able to effectively advocate for him and argue for an appropriate sentence—and that he be able to do so with the evidence that is already in the possession of his probation officer.

**3) That items may be within the possession of other agencies does not negate Mr. Cook's right to request, from the entity seeking his detention and the entity prosecuting him, these items.**

The government appears to argue that Mr. Cook is not entitled to evidence if it is not "within the exclusive control of the Probation Service." *See* ECF No. 16 at 2. Nothing within the Rules requires a finding that probation, or any party with discovery obligations under statute or rule, be the exclusive holder of the item being requested. *Cf.* Fed. R. Crim. P. 16 (simply requiring that items be within the government's "possession" but not "exclusive possession" to trigger the government's discovery obligations). Though Mr. Cook's request for favorable information within Probation's file does not have as much support in the law, "[i]t appears axiomatic [that] defendants facing revocation shall have access to all evidence in the probation office's file that will be offered *against* them." *See United States v. Dixon*, 187 F.Supp.2d 601, 603 (S.D.W. Va. 2002).

The *Dixon* Court found that defendants have a lessened right, but still the ability to request, exculpatory information (information that would be favorable to sentencing) within the possession of the probation office. *See id.* at 604. The Court relied on *Morrissey*'s holding that parolees have an "opportunity to be heard and show, if he can, that he did not violate the conditions, or, if he did, *that circumstances in mitigation suggest that the violation does not warrant revocation.*" *See id. citing Morrissey v. Brewer*, 408 U.S. 484, 471 (1972) (emphasis added). As a result, the *Dixon* Court established a three-step process for when defendants seek mitigating evidence within probation's file: the defendant must first file a request; probation reviews the file; and then probation submits the information to the court for *in camera* review. Mr. Cook would happily agree to a similar framework in this case.

## Conclusion

Mr. Cook is simply seeking to be provided with the evidence the government intends to use against him and with evidence within probation's file that is likely to help him effectively argue for an appropriate sentence under 18 USC 3583(e). His request is not burdensome, and though it may not be in keeping with the government's experience, is supported by federal rules, caselaw, and his constitutional rights to due process.

Respectfully submitted,          /s/ Benjamin Schiffelbein
                                 Assistant Federal Public Defender
                                 NH Bar No. 267593
                                 210 First Street SW, Suite 400 Roanoke, VA 24011
                                 (540)777-0880
                                 Benjamin_Schiffelbein@fd.org
                                 Counsel for Mr. Cook