CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 29 2022
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
       DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No.: 4:18-cr-027 |
| | ) | |
| CHRISTOPHER EUGENE COOK, | ) | By: Michael F. Urbanski |
| Defendant. | ) | Chief United States District Judge |

## ORDER

Christopher Eugene Cook pled guilty to a violation of 18 U.S.C. 922(g)(1) in the United States District Court for the Eastern District of North Carolina and was sentenced on June 14, 2016, to a 34-month term of imprisonment followed by a three-year term of supervised release. On September 20, 2018, jurisdiction was transferred to this district. Order, ECF No. 1.

On August 4, 2020, the court issued a warrant pursuant to a petition filed by the probation officer stemming from Cook's arrest by Danville authorities on July 22, 2020, for possession of a firearm and discharge of a firearm in public place. ECF No. 3. The petition asserts violations of the mandatory conditions prohibiting commission of another crime and possession of a firearm. Cook was arrested on this warrant on July 21, 2022, ECF No. 7, and was remanded to the custody of the US Marshal following a hearing on June 28, 2022. ECF Nos. 8, 14.

This matter is before the court on defendant Cook's Motion for Discovery of Probation Records and Evidence. ECF No. 13. In this request, Cook seeks four categories of documents from probation's confidential supervision files: (1) Documents relating to his positive employment history while on supervised release; (2) Documents relating to his

substance abuse treatment while on supervised release; (3) Documents concerning the July 22, 2020, firearm possession and discharge incident; and (4) Documents that would reflect favorably upon Cook's potential sentence.

Over the past forty years, requests for production of the confidential records of the probation office have been subject to a Standing Order entered on July 1, 1979. The first paragraph of that Standing Order provides as follows: "No confidential records of this court maintained by the probation office, including presentence and probation supervision records, shall be sought by any applicant except by written petition to this court establishing with particularity the need for specific information in the records."

The motion filed by Cook fails to meet the requirements of this Standing Order. Cook does not need probation logs documenting his employment and substance abuse counseling history, as he has first-hand information concerning these matters. As regards local police reports and state conviction records, the defendant may obtain these records directly from state authorities. In cases where a supervised release violation stems from a state arrest or conviction, the court has no concern with probation voluntarily providing a defendant with a copy of state arrest or conviction records. Further, there is nothing prohibiting defendant from speaking with probation about defendant's performance on supervision or calling the probation officer as a witness at the supervised release hearing and inquiring about positive aspects of defendant's supervision. But the court finds that Cook's open-ended request for "any documents that would reflect favorably on Mr. Cook's potential sentence in this case" to be overbroad. As such, the wide-ranging request falls short of meeting the requirement in the

1979 Standing Order of "establishing with particularity the need for specific information in the records."

Accordingly, the Motion for Discovery of Probation Records and Evidence, ECF No. 13, is **DENIED**.

It is so **ORDERED**.

Entered: July 29, 2022

Digitally signed by Michael F. Urbanski  Chief U.S. District Judge
Date: 2022.07.29 08:53:35 -04'00'

Michael F. Urbanski
Chief United States District Judge